UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> RANDY DIAZ-PIZZARO, <br><br> Defendant | Criminal No. 24cr10039 <br><br> Violations: <br><br> Count One: Possession with Intent to Distribute Cocaine <br> (21 U.S.C. § 841(a)(1)) <br><br> Count Two: Felon in Possession of Firearm and Ammunition <br> (18 U.S.C. § 922(g)(1)) <br><br> Drug Forfeiture Allegation: <br> (21 U.S.C. § 853) <br><br> Firearm Forfeiture Allegation: <br> (18 U.S.C. § 924(d); 28 U.S.C. § 2461(c)) |

## INDICTMENT

### COUNT ONE
Possession with Intent to Distribute Cocaine
(21 U.S.C. § 841(a)(1))

The Grand Jury charges:

On or about January 7, 2023, in Boston, in the District of Massachusetts, the defendant,

RANDY DIAZ-PIZZARO,

did knowingly and intentionally possess with intent to distribute cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

1

## COUNT TWO
Felon in Possession of Firearm and Ammunition
(18 U.S.C. § 922(g)(1))

The Grand Jury further charges:

On or about January 7, 2023, in Boston, in the District of Massachusetts, the defendant,

RANDY DIAZ-PIZZARO

knowing that he was previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm and ammunition, that is, a Micro Desert Eagle 380, bearing Serial Number ME09159, with six rounds of 380 ammunition.

All in violation of Title 18, United States Code, Section 922(g)(1).

## DRUG FORFEITURE ALLEGATION
(21 U.S.C. § 853)

The Grand Jury further finds:

1. Upon conviction of the offense in violation of Title 21, United States Code, Section 841, set forth in Count One, the defendant,

### RANDY DIAZ-PIZZARO,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense. The property to be forfeited includes, but is not limited to, the following:

    a. $1,298 in US currency.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

## FIREARM FORFEITURE ALLEGATION
(18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

1. Upon conviction of the offense in violation of Title 18, United States Code, Section 922, set forth in Count Two, the defendant,

RANDY DIAZ-PIZZARO,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offenses. The property to be forfeited includes, but is not limited to, the following:

    a. a Micro Desert Eagle 380, Serial Number ME09159;

    b. a magazine; and

    c. 6 rounds of 380 ammunition.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

A TRUE BILL

*[signature]*
FOREPERSON

*[signature]*
LUCY SUN
SARAH HOEFLE
MICHAEL CROWLEY
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF MASSACHUSETTS

District of Massachusetts: FEBURARY __7__, 2024
Returned into the District Court by the Grand Jurors and filed.

/s/ Leonardo T. Vieira, 3:47pm
DEPUTY CLERK