UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  vs.<br><br>RANDY DIAZ-PIZARRO,<br><br>    Defendant | Criminal No. 24-cr-10039-WGY |

## GOVERNMENT'S SENTENCING MEMORANDUM

The defendant, Randy Diaz-Pizarro, has a criminal history dating back to the age of twelve. At the age of sixteen, the defendant received a juvenile delinquent conviction for possessing a firearm without a license. For his conduct, the defendant was committed. Despite early and serious encounters with the criminal justice system, the defendant was not deterred from unlawfully possessing firearms; indeed, the defendant went on to be convicted twice more for unlawful firearm possession before this instant offense. In 2011, the defendant was convicted of two counts of assault by means of a dangerous weapon, carrying a firearm without a license, and carrying a loaded firearm without a license. The defendant was sentenced to 4 years to 4 years and 1 day committed. In 2017, the defendant was convicted of carrying a firearm without a license and was sentenced to 2 years committed.

For his third adult firearm conviction, the government is recommending a sentence of 151 months, which is the low end of the defendant's Guidelines range. The government believes that the proposed sentence would adequately reflect the seriousness of the offense, consideration of the factors under 18 U.S.C. § 3553(a), and is sufficient but not greater than necessary to achieve the goals of sentencing.

I.     **FACTUAL BACKGROUND**

On January 7, 2023, while conducting a separate investigation in the Heath Street Development, Boston Police Department ("BPD") officers noticed a black BMW with excessive tint in the rear parking lot of the Development playing loud music for the time of night.[1] Presentence Investigation Report ("PSR") ¶ 9.  Upon approaching the vehicle, BPD encountered Dominque Finch[2] in the driver's seat of the vehicle and the defendant in the passenger seat.  *Id.* As one officer approached the passenger seat, the officer observed the defendant open the passenger side door and place something underneath the vehicle and close the door shut.  *Id.*  The officer immediately notified other officers that the defendant tossed "one" under the vehicle and moved a BPD cruiser in front of the BMW to prevent the BMW from moving.  *Id.*  Upon looking under the vehicle, the officer confirmed that the object underneath the vehicle was a firearm.  *Id.*

---

[1] The Heath Street Development is also known as the Mildred C. Hailey Apartments.  The Heath Street Development is located in Jamaica Plain, Massachusetts.  It is one of many housing facilities owned and/or operated by the Boston Housing Authority, a public authority that provides housing for low and moderate-income residents.  The Heath Street Gang originated within the Development, and over the last approximately 40 years, there have been numerous federal, state, and local investigations involving the criminal activities of members/associates of the Heath Street Gang.  In the past year, the government charged fourteen members of the Heath Street Gang with RICO conspiracy, in violation of 18 U.S.C. 1962(d), for, among other crimes, drug trafficking inside and outside of the Development.  *See United States v. Jaquori Lyons, et. al.,* 23-cr-10186-ABD.  Numerous Heath Street Gang members have pled to federal drug trafficking charges for drug distribution inside of the Development, including three defendants in the past year.  *See United States v. Michael Van Rader,* 23-cr-10255-DJC; *United States v. Cerone Davis,* 24-cr-10037-DJC; *United States v. Charles Bomman,* 24-cr-10131-NMG.

[2] Finch is a Heath Street Gang member.  On February 17, 2024, a federal grand jury indicted Finch for RICO conspiracy, in violation of 18 U.S.C. 1962(d) alongside thirteen other defendants.  *See United States v. Jaquori Lyons, et. al.,* 23-cr-10186-ABD.  At the time Finch was with the defendant on January 7, 2023, Finch was on federal supervised release following his conviction for selling crack cocaine within the Heath Street Development.  *See United States v. Dominique Finch,* 18-cr-10006-PBS.

Both the defendant and Finch were removed from the vehicle and placed into handcuffs. *Id.* ¶ 10. During the search incident to the arrest, BPD found 25 bags of white rock-like substance on the defendant as well as $1,298 in U.S currency. *Id.* According to the Massachusetts State Police Certificate of Drug Analysis, the 25 bags weighed 5.02 grams and tested positive for cocaine. *Id.* ¶ 11.

The firearm was identified as a Micro Desert Eagle .380 pistol, serial number ME09159, with 1 round in the chamber and another 5 rounds of ammunition in the magazine. *Id.* The Bureau of Alcohol, Tobacco, Firearms & Explosives confirmed that all commercially made ammunition are imported into Massachusetts. *Id.* The firearm was manufactured in Minnesota before entering the Commonwealth of Massachusetts. *Id.*

## II.   SENTENCING GUIDELINES

As set forth in the final Presentence Report, the defendant is a career offender. PSR ¶ 25. As such, the parties agree that the defendant's total offense level is 29. Plea Agreement ¶ 3; *see also* PSR ¶ 100. The defendant is also a criminal history category VI, with a criminal history score of 21. PSR ¶¶ 40-42; 100. The defendant's Sentencing Guidelines range is a term of imprisonment of 151 to 188 months. *Id.*

## III.  SENTENCING FACTORS

Consideration of the 18 U.S.C. § 3553(a) factors demonstrates that a sentence of 151 months' imprisonment is sufficient, but not greater than necessary, to accomplish the goals of sentencing.

### A. Nature and Circumstances of the Offense

At the time the defendant committed the instant offense, the defendant was on probation following a conviction for an assault and battery on a household member. *Id.* ¶ 38. According to

the police report, the police arrived as the defendant was assaulting the mother of his child. *Id.* The state court sentenced the defendant to 18 months suspended until January 22, 2024. *Id.* In that case alone, the defendant violated his conditions of probation three times. *Id.*

Less than six months before the instant offense, and while the defendant was still on probation, on July 2, 2022, the defendant was arrested in Providence, Rhode Island. *Id.* ¶ 44. According to the police report, the Providence Police Department stopped and searched the vehicle the defendant was driving. *Id.* The defendant was in the vehicle with two other individuals, including Jaquori Lyons, a known Heath Street Gang member.[3] *Id.* Officers found 10 baggies of white rock-like substance as well as a loaded black firearm in the vehicle. *Id.* A warrant issued for the defendant's arrest on November 7, 2022. *Id.*

Against this backdrop—while on probation, with a recent arrest for drugs and a firearm, and a pending arrest warrant—the defendant committed the instant drug and firearm offense. The defendant was in the Heath Street Development at approximately 2:20 a.m. with another Heath Street Gang member who was on federal supervised release after selling drugs within the Development. The defendant possessed $1,298 in cash as well as 25 baggies of cocaine, a significant number of baggies consistent with the intent to distribute. In addition to the drugs, the defendant carried a loaded firearm. The firearm not only had five rounds of ammunition in the

---

[3] Jaquori Lyons is one of the most senior members of Heath Street Gang. Lyons was initially indicted in July 2023 for conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846; possession with intent to distribute fentanyl, aiding and abetting, in violation of 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2; possession with intent to distribute marijuana, aiding and abetting, in violation of 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2; and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Lyons was charged in part for selling fentanyl in May 2023 to a disabled individual confined to a wheelchair in the Heath Street Development. On February 7, 2024, a federal grand jury indicted Lyons for RICO conspiracy, in violation of 18 U.S.C. 1962(d).

magazine, but a round of ammunition in the chamber. The defendant brought all these items into a housing community filled with families and children.

The defendant's actions reflect his indifference to the rule of law and demonstrate that no release conditions will deter the defendant from committing new offenses. The defendant has demonstrated that even having served significant years in prison for adult firearm offenses, the defendant is not deterred from carrying a loaded firearm. Only a lengthy sentence will prevent the defendant from being in the community, being a danger, and carrying a loaded firearm.

B. History and Characteristics of the Defendant

The defendant has a medical condition known as Evans Syndrome. PSR ¶ 71. During his interview with Probation, the defendant complained that he only received blood withdrawals every six months and blood withdrawals are "critical to his condition, and [the defendant] fears death due to internal bleeding." *Id.* ¶ 72. However, according to the defendant's records, the defendant refused blood draws and medication in February 2025. *Id.* ¶ 76. Likewise, the defendant told Probation that due to his condition, he is "constantly worried that one incident, such as getting punched, could end his life." *Id.* ¶ 77. According to records, while incarcerated, the defendant and other individuals (including Terrence Thibeau, another known Heath Street Gang member) engaged in a fight with another inmate, kicking and punching him until they broke his jaw.[4] *Id.* ¶ 45.

The defendant has spent a significant portion of his time since the age of eighteen incarcerated for various convictions and for violating the conditions of his release. Since the

---

[4] The defendant's record while detained in this instant case is attached as Exhibit A. Since being detained in this case, the defendant was involved in a fight with other inmates on August 22, 20214. Ex. A. at 10. The defendant is also suspected of possessing illegal substances on two occasions, July 23, 2024, and September 3, 2024. *Id.* at 7, 8, 11.

5

defendant turned eighteen, the defendant has been convicted in seven cases, most of which have multiple charges. *Id.* ¶¶ 33-39. Of the seven cases, the state court sentenced the defendant to a term of probation or parole in five of the cases. *Id.* The defendant violated the terms of his probation/parole in all five cases. *Id.* As a result, the defendant has served time in all seven cases. *Id.* The defendant's prior convictions are not only gun related, but also relate to violence. *Id.* In addition to criminal convictions, two separate women obtained restraining orders against the defendant. *Id.* ¶¶ 67-68.

As noted above, the defendant was convicted in 2011 for gun related offenses and sentenced to 4 years imprisonment. *Id.* ¶ 33. According to the police report related to the incident, attached hereto as Exhibit B, the defendant exchanged gunfire with another individual. While incarcerated, the defendant was convicted in 2013 for intimidation of a witness. *Id.* ¶ 34. Once released from incarceration, the defendant was arrested in 2015 and convicted in 2017 for his second gun offense. *Id.* ¶ 35. The defendant was detained pending trial for his second gun offense and sentenced on September 21, 2017, to two years committed, deemed served. *Id.* Only one month after his conviction, the defendant was arrested again, for driving 100 mph in a 60-mph zone, without a license, while throwing a Class B substance out of his window. *Id.* ¶ 36. The following year, in 2018, the defendant was arrested (and ultimately convicted) for threatening to "shoot up" the mother of his child's house, and the following year, in 2019, the defendant was arrested (and ultimately convicted) for violently assaulting the mother of his child. *Id.* ¶¶ 37-38. In 2021, the defendant was arrested again (and ultimately convicted) for threatening the mother of his child. *Id.* ¶ 39. The defendant has two pending charges from 2022 and 2023, related to drugs and violence. *Id.* ¶¶ 44-45.

In this case, the defendant is a Career Offender based on his possession of cocaine. While 5 grams of cocaine may seem insignificant in isolation, when placed in the context of the defendant's criminal history, the defendant's actions are a continuation for his complete disregard for the rule of law. The defendant possessed cocaine with an intent to distribute alongside with an individual that was on federal supervised release for distributing drugs in the Development. The defendant carried a loaded firearm despite extended sentences for gun convictions. The defendant committed the instant offense while on probation, despite having served significant periods of imprisonment for prior probation/parole violations. The defendant committed the instant offense despite having been arrested only months prior for being in a vehicle with drugs and a firearm.

Despite numerous chances to change and learn, the defendant instead accumulated 21 criminal history points. This most recent illustration of the defendant's lack of respect for the law is consistent with his criminal history, as exemplified by his prior firearms-related convictions and numerous other arrests as a juvenile and adult. This history further supports a significant period of incarceration.

   C. <u>Need to Promote Respect for the Law, Afford Deterrence, and Protect the Public</u>

A significant sentence of imprisonment is also needed to deter the defendant and those similarly situated from continuing to engage in criminal conduct, promote respect for the law, and protect the public. Specific deterrence is necessary in this case. The defendant has demonstrated that he cannot comply with conditions of release or probation/parole. Nor have significant sentences deterred the defendant from committing new crimes or even from carrying a loaded firearm. Indeed, even while incarcerated, the defendant has continued to commit crimes, including assaulting another inmate in custody.

General deterrence is necessary to support the message that the carrying of firearms and distribution of drugs within the Development will not be tolerated. An extended jail sentence will further establish the seriousness of such conduct and serve to protect the public from individuals that commit such crimes within the community.

## IV.   CONCLUSION

For the foregoing reasons, and the reasons to be offered at sentencing, the government respectfully requests that the Court impose a sentence of incarceration of 151 months. The government's requested sentence is the low end of the defendant's advisory Guidelines range. It is sufficient, but not greater than necessary, to reflect the seriousness of the offense and history and characteristics of the defendant, promote respect for the law, provide just punishment, and afford adequate deterrence.

                                          Respectfully submitted,

                                          LEAH B. FOLEY
                                          United States Attorney

                                          By:   */s/ Lucy Sun*
                                          Lucy Sun
                                          Assistant United States Attorney

Dated:  March 28, 2025

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                          */s/ Lucy Sun*
                                          Lucy Sun
                                          Assistant United States Attorney

Date:  March 28, 2025